## Case No. 11,067.

### PHELAN v. The ALVARADO.

[14 Law Rep. 451; 4 Am. Law J. (N. S.) 352.]

District Court, S. D. New York. Oct. 11, 1851.

COMMON CARRIERS BY WATER—DUTY OF SHIP-OWNERS

The master signed a bill of lading in July, 1849, for return of twenty kegs of brandy, shipped on board from New York to Chagres, and sent back for want of a market. The vessel sailed the same month. The night the vessel left Chagres, she was struck by lightning, and compelled to put back for repairs. No materials or means of repairing her being found at the port, she remained there till supplies were sent on for the purpose from New York. The brandy remained on board. The captain was sick with the coast fever when the vessel left Chagres, and on her return was delirious. He was sent to New York in a steamer. Two or three weeks after, the mate was sent home, and two seamen, also sick with the fever. The vessel and cargo were put in charge of an agent or keeper. She lay at Chagres five months or more, and, being sufficiently repaired for the purpose, was brought back to New York, when the consignor demanded the brandy. None was found on board. The claimants set up for defence that the brandy was lost by leakage at Chagres, the casks being perforated by worms, and the iron hoops also having rusted, and burst off. During the time the vessel remained at Chagres, steamers and other vessels left that port, by which the brandy might have been transhipped to New York.

HELD, that it was the duty of the ship-owner to have had the brandy transhipped and forwarded to its port of destination, if the shipper did not accept it at Chagres, the voyage being in effect broken up. That the disabling of the master and mate, by sickness, from attending to the duties of the ship, did not exonerate the owner from his responsibility, and that he stands liable on the bill of lading for the value of the brandy not delivered to the consignee. The value is to be taken at Chagres at the time of shipment. An order of reference must be taken to ascertain the worth of the brandy; but the claimant is at liberty to prove before the commissioner, an actual loss of any part of the brandy before the bill of lading was signed.